IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01041-BNB

BRIAN MATTHEW GROSS,

    Applicant,

v.

JOHN DAVIS, Warden, Buena Vista Correctional Facility,
TOM CLEMENTS, Executive Director of CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Brian Matthew Gross, is currently in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado. Mr. Gross filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 04CR225 in the Pueblo County District Court of Colorado. Mr. Gross has paid the $5.00 filing fee in a habeas corpus action.

In an order entered on April 19, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents submitted a Pre-Answer Response on June 7, 2012. Mr. Gross has not filed a Reply.

The Court must construe liberally the Application filed by Mr. Gross because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

I.   **Background**

On February 1, 2006, Mr. Gross pled guilty to class three felony theft pursuant to a deferred judgment and sentence agreement. Pre-Answer Resp. at Ex. A, p. 23-24. Pursuant to the agreement, his guilty plea would be withdrawn if Mr. Gross successfully completed a four year term of supervision, and a conviction would not be entered. *See id.* at 3-4. However, Mr. Gross violated the terms of his supervision, and on July 6, 2007, the trial court entered judgment on the conviction and sentenced him to four years of probation. *Id.* at 20. Mr. Gross later violated the terms of his probation, and on May 6, 2009, the trial court revoked the probationary sentence and sentenced him to four years in the custody of the Colorado Department of Corrections. *Id.* at 16.

On September 28, 2009, Mr. Gross filed a motion for reconsideration, requesting a reduction of his sentence. *Id.* at 15. The trial court denied the request on October 20, 2009. *Id.* at 15. Mr. Gross did not file an appeal. He filed a second motion for reconsideration on March 10, 2010, which the trial court denied on March 15, 2010. *Id.* at 15. Mr. Gross did not file an appeal. *Id.*

Mr. Gross filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(c) on March 14, 2011. *Id.* The trial court denied the motion on March 22,

2011. Mr. Gross filed an appeal, and the Colorado Court of Appeals dismissed the appeal as untimely on January 27, 2012. *Id.* at 12.

Mr. Gross filed a second Rule 35(c) motion on November 17, 2011, that the trial court denied on November 28, 2011. *Id.* at 13. Mr. Gross filed an appeal, which is currently pending before the Colorado Court of Appeals. Pre-Answer Resp. at 3.

Mr. Gross initiated the instant action in this Court on April 18, 2012. In the Application, Mr. Gross asserts seven claims: (1) he received ineffective assistance of counsel; (2) his guilty plea entered in 2005 is invalid because he was under the influence of alcohol and narcotics when it was entered; (3) his sentence is illegal because he was under the influence of alcohol and narcotics when he entered into the plea agreement; (4) the Pueblo Police Department illegally searched and seized items from his car; (5) the order of restitution is illegal; (6) his probation sentence was illegal because he was under the influence at the time the plea was entered; and (7) the Pueblo Police Department and Massa Auto Pawn committed crimes against Mr. Gross that were ignored by the state court judge and public defender. Application at 6-9.

**II.     Timeliness**

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Gross' criminal case became final. In this case, Mr. Gross initially pled guilty pursuant to a deferred judgment and sentence agreement. *See* Pre-Answer Resp. at Ex. A, p. 23-24. Under Colorado state law, this did not result in the entry of a conviction and could not be directly appealed or collaterally attacked. *See People v. Carbajal*, 198 P.3d 102, 105 (Colo. 2008) (holding that a "deferred judgment is not a final judgment, and thus may not be subject to either Crim. P. 35 review or direct appellate review until revoked.").

Therefore, the final sentence in Mr. Gross' case was not entered until July 6, 2007, when Mr. Gross admitted to violating the terms of his deferred judgment and the

state court sentenced him to four years of probation. Pre-Answer Resp. at Ex. A, p. 20. Although Mr. Gross was later re-sentenced to fours years in the DOC following the revocation of his probation, this re-sentencing does not start a new limitations period except with respect to claims concerning the re-sentencing. *See, e.g., Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (holding that applicant's designation as a sexual predator did not restart statute of limitations, as all federal claims relate to original sentence); *see also Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004); *Prendergast v. Clements*, No. 11-cv-03263, 2012 WL 1320157, at *3 (D. Colo. Apr. 17, 2012) (unpublished opinion). The claims that Mr. Gross asserts in the Application challenge his plea agreement and probation sentence imposed in 2007. *See* Application at 6-9. He does not assert any claims that challenge his re-sentencing in 2009. *Id.* Therefore, because Mr. Gross did not file a direct appeal, the Court finds that his conviction became final on August 20, 2007, forty-five days after he was sentenced to probation. See Colo. App. R. 4(b); Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

The Court must next determine whether any of Mr. Gross' state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required

> filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending post-conviction motions in Mr. Gross' state court criminal case between August 21, 2007, and September 28, 2009, when Mr. Gross filed his first motion for sentence reconsideration. See Pre-Answer Resp. at Ex. A, p. 15-20. Accordingly, the one year limitations period began running on August 21, 2007, and ran until it expired on August 21, 2008. Because the one-year limitation period expired before Mr. Gross filed his first postconviction motion on September 28, 2009, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Gross did not file his habeas corpus application in this Court until April 18, 2012, more than three years and

seven months after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Gross bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Gross fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Gross has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Gross files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of      July      , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court